**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**Clarksburg Division**

**FIVE MILE, LLC and**
**GENERAL LAND GROUP, LLC,**

       **Plaintiffs,**

**v.**                                       **Civil Action No. 1:21-cv-140**
                                                 **(Removed from the Circuit Court of**
                                                 **Marion County Civil Action No. CC-24-**
                                                 **2021-C-153)**

**PRIMAX PROPERTIES, LLC,**
**TRACTOR SUPPLY CO.,**
**JANE PROPERTIES, LLC,**
**JOYCE F. OFSA, and**
**PINNACLE BANK**

       **Defendants.**

## JANE PROPERTIES, LLC'S ANSWER TO COMPLAINT

       Defendant Jane Properties, LLC ("Jane Properties"), by counsel, hereby answers the Complaint as follows:

       1.      In response to Paragraph 1 of the Complaint, Jane Properties is without sufficient information to affirm or deny the same. To the extent a response is required, Jane Properties denies the allegations contained in Paragraph 1.

       2.      In response to Paragraph 2 of the Complaint, Jane Properties is without sufficient information to affirm or deny the same. To the extent a response is required, Jane Properties denies the allegations contained in Paragraph 2.

1

3.      In response to Paragraph 3 of the Complaint, Jane Properties is without sufficient information to affirm or deny the same. To the extent a response is required, Jane Properties denies the allegations contained in Paragraph 3.

4.      In response to Paragraph 4 of the Complaint, Jane Properties is without sufficient information to affirm or deny the same. To the extent a response is required, Jane Properties denies the allegations contained in Paragraph 4.

5.      Jane Properties admits the allegations contained in Paragraph 5.

6.      Jane Properties admits that it leases a 5.08-acre portion of Parcel 20, Tax Map 21 which abuts portions of Plaintiff's property to Tractor Supply, Co.

7.      In response to Paragraph 7 of the Complaint, as this allegation is not directed at Jane Properties, no response is required. To the extent a response is required, Jane Properties denies the allegations contained in Paragraph 7.

8.      Jane Properties admits the allegations contained in Paragraph 8.

9.      The allegations contained in Paragraph 9 constitute legal conclusions rather than allegations of fact, they do not require a response by way of admission or denial. To the extent a response is required, Jane Properties denies the allegations contained in Paragraph 9.

10.      In response to Paragraph 10 of the Complaint, Jane Properties is without sufficient information to affirm or deny the same. To the extent a response is required, Jane Properties denies the allegations contained in Paragraph 10.

11.      The allegations contained in Paragraph 11 constitute legal conclusions rather than allegations of fact, they do not require a response by way of admission or denial. To the extent a response is required, Jane Properties denies the allegations contained in Paragraph 11.

12.      The allegations contained in Paragraph 12 constitute legal conclusions rather than allegations of fact, they do not require a response by way of admission or denial. To the extent a response is required, Jane Properties denies the allegations contained in Paragraph 12.

13.      The allegations contained in Paragraph 13 constitute legal conclusions rather than allegations of fact, they do not require a response by way of admission or denial. To the extent a response is required, Jane Properties denies the allegations contained in Paragraph 13.

14.      Jane Properties denies the allegations contained in Paragraph 14.

15.      Jane Properties denies the allegations contained in Paragraph 15.

16.      Jane Properties denies the allegations contained in Paragraph 16.

17.      In response to Paragraph 17 of the Complaint, Jane Properties is without sufficient information to affirm or deny the same. To the extent a response is required, Jane Properties denies the allegations contained in Paragraph 17.

18.      Jane Properties denies the allegations contained in Paragraph 18.

19.      Jane Properties denies the allegations contained in Paragraph 19.

20.      Jane Properties denies the allegations contained in Paragraph 20.

21.      Jane Properties denies the allegations contained in Paragraph 21.

22.      The allegations contained in Paragraph 22 constitute legal conclusions rather than allegations of fact, they do not require a response by way of admission or denial. To the extent a response is required, Jane Properties denies the allegations contained in Paragraph 22.

23.      Jane Properties denies the allegations contained in Paragraph 23.

24.      Jane Properties denies the allegations contained in Paragraph 24.

25.      Jane Properties denies the allegations contained in Paragraph 25.

26.      Jane Properties denies the allegations contained in Paragraph 26.

4855-5433-7540.v1

## NEGLIGENCE

27.     Jane Properties denies the allegations contained in Paragraph 27.

28.     Jane Properties denies the allegations contained in Paragraph 28.

29.     Jane Properties denies the allegations contained in Paragraph 29.

30.     Jane Properties denies the allegations contained in Paragraph 30.

## NUISANCE

31.     Jane Properties denies the allegations contained in Paragraph 31.

32.     Jane Properties denies the allegations contained in Paragraph 32.

33.     Jane Properties denies the allegations contained in Paragraph 33.

## INJUNCTION

34.     Jane Properties states that the referenced email speaks for itself, and Jane Properties denies any attempt to characterize its terms, meaning, or legal effect. By way of further answer, Jane Properties denies that it is dumping uncontrolled water on Plaintiffs' property.

35.     Jane Properties denies the allegations contained in Paragraph 35.  By way of further answer, the allegations contained in footnote 1 constitute legal conclusions rather than allegations of fact, they do not require a response by way of admission or denial. To the extent a response is required to footnote 1, Jane Properties denies the allegations contained in footnote 1.

36.     The allegations contained in Paragraph 36 constitute legal conclusions rather than allegations of fact, they do not require a response by way of admission or denial. To the extent a response is required, Jane Properties denies the allegations contained in Paragraph 36.

4855-5433-7540.v1

37.     The allegations contained in Paragraph 37 constitute legal conclusions rather than allegations of fact, they do not require a response by way of admission or denial. To the extent a response is required, Jane Properties denies the allegations contained in Paragraph 37.

38.     Jane Properties denies the allegations contained in Paragraph 38.

39.     Jane Properties denies the allegations contained in Paragraph 39.

40.     Jane Properties denies the allegations contained in Paragraph 40.

41.     Jane Properties denies the allegations contained in Paragraph 41.

42.     Jane Properties denies the allegations contained in Paragraph 42.

43.     Jane Properties denies the allegations contained in Paragraph 43.

44.     Jane Properties denies the allegations contained in Paragraph 44.

45.     Jane Properties denies the allegations contained in Paragraph 45.

46.     Jane Properties denies the allegations contained in Paragraph 46. By way of further answer, Jane Properties specifically denies that it discharges water onto Plaintiffs' land.

47.     Jane Properties denies the allegations contained in Paragraph 47.

### DAMAGES

48.     Jane Properties denies the allegations contained in Paragraph 48.

49.     Jane Properties denies the allegations contained in Paragraph 49.

50.     Plaintiffs demand for jury trial as asserted in Paragraph 50 requires no response.

51.     Jane Properties denies all allegations and prayers for relief contained in the Complaint which are not specifically denied in the preceding responses.

### AFFIRMATIVE AND OTHER DEFENSES

Having responded to the Complaint, Jane Properties asserts the following affirmative and other defenses:

4855-5433-7540.v1

1.      The Complaint fails to state a claim upon which relief may be granted against Jane Properties.

2.      The Complaint is barred by the statute of limitations.

3.      Plaintiffs have failed to join indispensable parties.

4.      Jane Properties incorporates by reference each affirmative defense available under Rule 8(c) and Rule 12(b) of the Federal Rules of Civil Procedure which discovery may reveal appropriate and reserve the right to assert additional affirmative defenses as Plaintiffs' claims are clarified during the course of this litigation.

5.      Plaintiffs' claims are barred or reduced by comparative fault.

6.      Plaintiffs are estopped by their own actions from asserting their claims.

7.      The alleged damages of which Plaintiffs complain were not proximately caused by or contributed to by any act or omission of Jane Properties, and, to the extent that Plaintiffs suffer from any alleged injuries or damages, those injuries or damages were caused solely by Plaintiffs and/or persons or entities other than Jane Properties.

8.      Plaintiffs' claims are barred by assumption of risk.

9.      Plaintiffs' claims for damages are barred or limited by failure to mitigate damages.

10.     Plaintiffs have failed to plead special damages with the requisite particularity.

11.     Jane Properties denies that it engaged in any intentional, malicious, willful, wanton, reckless, or fraudulent conduct or that it engaged in any conduct with the intent to injure Plaintiffs.

12.     Plaintiffs' claims for punitive damages are barred for failing to meet the requirements of West Virginia Code § 55-7-29.

13.     Any award of punitive damages entered in favor of Plaintiffs may not exceed four times the amount of compensatory damages or $500,000.00, whichever is greater.

14.     The Plaintiffs' claims are barred under the statute of repose.

15.    Jane Properties reserves the right to amend its Answer and Affirmative Defenses if investigation, discovery, and/or further information should warrant such amendment, and, further to assert any applicable matters of law during the pendency of this action.

16.    Plaintiffs are not entitled to injunctive relief because an adequate and sufficient monetary damage is available, if Plaintiffs prevail on any claim.

17.    Plaintiffs' claims for equitable relief are barred by unclean hands.

**JANE PROPERTIES, LLC DEMANDS A TRIAL BY JURY**

Respectfully submitted,

**PRIMAX PROPERTIES, LLC,**
**TRACTOR SUPPLY CO.,**
**JANE PROPERTIES, LLC,**

By Counsel.

/s/ Wendy G. Adkins
Wendy G. Adkins, Esquire
WV State Bar No.: 9412
Zachary H. Warder, Esquire
WV State Bar No.: 13566
JACKSON KELLY PLLC
150 Clay Street, Suite 500
Morgantown, WV  26501
*Telephone*:304-284-4100
*Facsimile*: 304-284-4142

And

*Pro Hac Vice Application Forthcoming:*
Marlo Orlin Leach, Esquire
Stephen Lowe, Esquire
Leach & Lowe LLC
6111 Peachtree Dunwoody Road, N.E.
Building D
Atlanta, Georgia 30328
(678) 587-3832
mleach@lllawllc.com
slowe@lllawllc.com
*Counsel for Primax Properties, LLC,*

7

*Tractor Supply Co., and Jane Properties, LLC.*

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**Clarksburg Division**

**FIVE MILE, LLC and
GENERAL LAND GROUP, LLC,**

     **Plaintiffs,**

**v.**                                        **Civil Action No. _____**
                                                **(Removed from the Circuit Court of
Marion County Civil Action No. CC-24-
2021-C-153)**

**PRIMAX PROPERTIES, LLC,
TRACTOR SUPPLY CO.,
JANE PROPERTIES, LLC,
JOYCE F. OFSA, and
PINNACLE BANK**

     **Defendants.**

## <u>CERTIFICATE OF SERVICE</u>

I, Wendy G. Adkins, do hereby certify that I served the following, "JANE PROPERTIES, LLC'S ANSWER TO COMPLAINT," with the Clerk of the Court using the CM/ECF system, and served the foregoing by the same method and by placing a true and exact copy thereof in the regular course of the U.S. Mail, postage pre-paid, this 22nd day of November, 2021, upon the following:

Mark A. Kepple, Esquire
WV State Bar No.:  7470
BAILEY & WYANT, PLLC
1219 Chapline Street
Wheeling, WV  26003

/s/ Wendy G. Adkins
Wendy G. Adkins, Esquire

4855-5433-7540.v1